## COE *v.* THE CAYUGA LAKE R. CO. and another.

*(Circuit Court, N. D. New York.   August 15, 1881.)*

1. ACT OF MARCH 3, 1875, § 1, CONSTRUED—JURISDICTION OF THE CIRCUIT COURT—PROMISSORY NOTE UNDER SEAL—NEW TRIAL.

A corporation executed its promissory note, payable to the order of its president, attaching thereto, before delivery, its corporate seal. After having been indorsed by him, it was discounted by a citizen of the same state and assigned to a citizen of another state, who brought an action against both maker and indorser. *Held,* on a motion for a new trial, that, under section 1 of the act of March 3, 1875, the circuit court had no jurisdiction.

*George F. Comstock,* for plaintiff.

*William F. Coggwell,* for defendant Morgan.

BLATCHFORD, C. J.   This suit was brought against the Cayuga Lake Railroad Company as maker, and the defendant Morgan as indorser, of two instruments in writing which the complaint calls promissory notes. Each defendant answered separately. At the trial, before the court and a jury, the plaintiff had a verdict for $30,787.89. The defendant Morgan now moves for a new trial, on a bill of exceptions made by him. The instruments were alike in form, except that one was payable five months after date and the other six months after date. The form was this:

"$10,000.                              AURORA, N. Y., May 1, 1873.

"Five months after date, the Cayuga Lake Railroad Company promises to pay to the order of Henry Morgan, President, $10,000, at the office of Leonard, Sheldon & Foster, No. 10 Wall street, New York city, value received, with interest.                    THE CAYUGA LAKE RAILROAD COMPANY,

{ Seal of the Cayuga Lake }            "By HENRY MORGAN, President.
{   Railroad Company.    }

"T. DELAFIELD, Treasurer."

Across the back of each instrument was written the indorsement "Henry Morgan, President." The signatures to the two instruments were the duly-authorized signatures of the Cayuga Lake Railroad Company, by the defendant Henry Morgan, as its president. The said instruments were sealed with the seal of the company, which was duly impressed thereupon by the president and treasurer of said company, by its authority, at the time such signatures were made, and at that same time the indorsements upon the back of said instruments of the words "Henry Morgan, President," were made by the said Morgan. He was, at that time, the president of said company. There was due demand of payment and refusal, and due notice thereof was given to said Morgan. At the time of the commencement of this action, September 16, 1879, the plaintiff was a citizen of Connecticut, and said Morgan was a citizen of New York. Said company was a local corporation in the interior of New York, having its line of road on the shore of Cayuga lake. The said notes were so made and indorsed for the purpose of being taken to the city of New York to raise money upon for the use of the company. For such purpose they were delivered to Mr. James R. Cox, as special agent of the company, who took them to New York and there had them cashed by Mr. James R. Stillman. Said Cox received the money from said Stillman, took it home with him, and paid it over to the company for its use.

At the trial the defendant Morgan proved that the said instruments were, on or about the third of May, 1873, transferred by the agent and attorney in fact of said company to one James Stillman, who then was, and ever since has been, and still is, a citizen of New York, who discounted said instruments, and paid the proceeds thereof to said agent, who paid over the same to the treasurer of said company; that the defendant Morgan was, on the said third of May, 1873, and still is, a citizen of New York; that, some time after the maturity of said instruments, they were sold and transferred by said Stillman to the plaintiff, and that the defendant had no benefit of any part of the proceeds of said instruments. The defendant there-

upon requested the court to instruct the jury to render a verdict for the defendant, or to dismiss the action, upon the ground that the said instruments are not promissory notes negotiable by the law merchant; and that, as this court would not have had jurisdiction of an action if brought thereon by said Stillman before the assignment thereof, therefore it had no jurisdiction of the same as. brought by this plaintiff. The court declined and refused so to instruct the jury, or to dismiss the action, and held and decided that the court had jurisdiction of the action. To such refusal and decision the defendant duly excepted. The defendant also requested the court to direct a verdict for the defendant on the ground that the instruments sued upon were not promissory notes, negotiable by the law merchant, but were sealed instruments; and that the signature of the defendant upon the back thereof did not create any obligation to pay the same. The court refused so to instruct the jury, and the defendant excepted. The defendant further requested the court to direct a verdict for the defendant on the ground that, under the circumstance of this case, the signature of "Henry Morgan, President," on the back of said instrument, is not an individual indorsement and does not create any individual liability. The court refused so to instruct the jury, and to such refusal the defendant excepted. The defendant then requested the court to submit, as a question of fact, to the jury whether it was the intention of the said Morgan and the said Stillman that the indorsements of the name of "Henry Morgan, President," upon the backs of said instruments, should create any individual liability against the defendant Morgan. The court refused to submit such question to the jury, to which the defendant excepted. The court then, at the request of the plaintiff, directed the jury to render a verdict in favor of the plaintiff for $30,787.89, being the amount of said instruments, with the interest thereon. The defendant excepted to the ruling and decision directing the jury to render said verdict, and said verdict was rendered.

The question of jurisdiction is a controlling one, for, if this court has no jurisdiction of this action, the other questions raised are immaterial. It is provided by section 1 of the act of March 3, 1875, (18 St. at Large, 470,) that no circuit court shall "have cognizance of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of promissory notes negotiable by the law merchant and bills of exchange." This suit is one founded on a contract made by the defendant Morgan. It is in

favor of an assignee. The rights of action which Stillman had against the defendant Morgan were assigned by him to the plaintiff by the transfer of the said instruments by Stillman to the plaintiff after their maturity. As Stillman, from a time prior to the maturity of the instruments to the time of the trial, was always a citizen of New York, and as the defendant Morgan was, when the instruments were transferred to Stillman, and when this suit was commenced, and at the time of the trial, a citizen of New York, and there is nothing in the bill of exceptions to show that he was ever a citizen of a different state from Stillman, there is nothing to show that a suit could ever have been prosecuted in this court by Stillman against Morgan, to recover against Morgan on his said contract, if Stillman had not made said assignment. It follows, therefore, that this court has no jurisdiction of this suit against the said Morgan, unless this is a case of a promissory note negotiable by the law merchant, as it is not the case of a bill of exchange. As the suit against the defendant Morgan is brought as a suit on his indorsements of promissory notes, the case is a case of promissory notes, within the statute, if it is a case of such indorsements.

The instruments, aside from the seal of the company, have all the qualities of promissory notes, and of promissory notes made by the company as a corporation. They are in the name of the company, it promises to pay, and it signs them by its president. But they were sealed with the seal of the company, and it was a corporation; and said seal was duly impressed on them by its president and treasurer, by its authority, at the time the notes were signed by it. From what appears in the bill of exceptions, it may properly be inferred that the seal referred to was the corporate seal of the corporation, and that the words "Seal of the Cayuga Lake Railroad Company" appear impressed on the face of each instrument as the impression of the seal referred to, though these facts are not thus distinctly stated in the bill of exceptions. The answer of the defendant Morgan states that the company was a corporation, and had and used a corporate seal, and that the said instruments were executed by it under its corporate seal. The instruments do not, in words, refer to a seal otherwise than as said impressions contain the words they do.

In order to be within the exceptions in the statute the instrument must not only be a promissory note, but must be one negotiable by the law merchant. There is no distinction made by the statute between a promissory note made by an individual and a promissory

note made by a corporation. If the instruments in question were made by an individual instead of a corporation it would seem impossible, in view of long-settled and well-settled principles of law, to contend that if they bore the seal as well as the signature of the individual they were promissory notes negotiable by the law merchant. As an individual can make a promissory note and not add his seal to it, and can also make one and add his seal to it, the instrument is, in the first case, a promissory note negotiable by the law merchant if payable to bearer or order, while in the second case it is not a promissory note negotiable by the law merchant, but is a specialty. So a corporation can make a promissory note whereby it promises to pay to bearer or order a certain sum of money, at all events, at a certain time and place, and can sign the instrument by causing it to be signed by its president and treasurer, without affixing its corporate seal, and the instrument will bind it, as its promissory note, as a simple contract, not a specialty, unless it be restrained by some provision of statute from contracting otherwise than under its corporate seal. But if to such an instrument its corporate seal be added, such seal is its seal, as the seal of the individual maker is his seal, and the like consequences follow. The instrument without the corporate seal will be a promissory note negotiable by the law merchant, and the instrument with the corporate seal will be a specialty, and not a promissory note negotiable by the law merchant. If the capacity to make the instrument without as well as with the seal exists, it cannot, when made with the seal, be a promissory note negotiable by the law merchant.

It is not enough that the instrument be negotiable, but it must be a promissory note, and one negotiable by the law merchant. The statute does not say a negotiable instrument, or a negotiable bond, or a negotiable chose in action. The prior statute (Rev. St. § 629) provided that no circuit court should "have cognizance of any suit to recover the contents of any promissory note or other chose in action, in favor of an assignee, unless a suit might have been prosecuted in such court to recover the said contents if no assignment had been made, except in cases of foreign bills of exchange." In the prior statute the thing out of which the exception is carved is a "suit to recover the contents of any promissory note or other chose in action." In the new statute the thing out of which the exception is carved is a "suit founded on contract." In the prior statute the exception is one "in cases of foreign bills of exchange." In the new statute the exception is one "in cases of promissory notes negotiable by the law mer-

chant, and bills of exchange." The general inhibition in the new statute is broader and more general than in the prior one, and the exception covers more ground in the new statute than in the prior one. But the statutory language in the exception cannot be extended by construction. It would have been easy to say negotiable instrument, or negotiable bond or other instrument, or negotiable chose in action, or instrument negotiable by the law merchant, or otherwise. The argument on the part of the plaintiff is directed to showing that the instruments in question are negotiable, not that they are such instruments as the exception in the statute speaks of. It cannot be supposed that congress in 1875, with the large experience which had been had at that time in the United States in bonds, obligations, certificates of indebtedness, and promissory notes, under seal and not under seal, of municipal corporations and private corporations, did not understand and recognize, in making such exception, the distinction between a promissory note negotiable by the law merchant, as an instrument well known to the law and to commerce, and to be identified by that description, and other instruments which, though they had become by statute or general usage or judicial decisions to be regarded as in a certain sense negotiable, were not promissory notes negotiable by the law merchant. The obligations of municipalities, payable to bearer, have been placed by numerous decisions of the supreme court of the United States in the category of negotiable instruments transferable by delivery so far as to authorize the holder to demand payment of them, and to maintain, in his own name, an action upon them; but they do not thereby necessarily become negotiable instruments in the sense of the law merchant. *Wall* v. *Monroe Co.* Sup. Ct. U. S. Oct. term, 1880, (2 Morr. Trans. 266.) And even where they have such a *status* that, passing into the hands of a *bona fide* purchaser for value before maturity, they do so freed from any infirmity in their origin, (*Cromwell* v. *County of Sac*, 96 U. S. 51, 57,) they are not promissory notes negotiable by the law merchant, in the sense of the statute under consideration. Such obligations, payable to bearer, are deemed payable to the holder, and so, under this act of 1875, the holder who sues is not regarded as an assignee of the contract, but is a holder through a transfer by delivery.

I am satisfied that, on the ground of want of jurisdiction, a verdict for the defendant Morgan ought to have been directed, and that, for that reason, a new trial must be granted.